ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

LEIF DAUTCH (CABN 283975)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7534
    FAX: (415) 436-7234
    Leif.Dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MASIA HOLLINS, <br><br> Defendant. | CASE NO. 23-CR-023-HSG <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Hearing Date: May 1, 2024 <br> Time: 2:00 p.m. <br> Judge: Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

Defendant Masia Hollins will appear before this Court on May 1, 2024 for sentencing following his guilty plea to unlawful possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). The parties' proposed sentence of 25 months, also recommended by Probation, is part of a global resolution that also accounts for criminal conduct Hollins engaged in after absconding from pretrial supervision. Hollins is expected to be sentenced on April 25, 2024 to a state term of 16 months, with credit for the 8 months of actual time he has spent in local custody; the parties ask this Court to impose a federal term consecutive to that state sentence. Viewed as a whole, the government believes this outcome is a reasonable and appropriate sanction for Hollins's various forms of criminal behavior, and is sufficient

but not greater than necessary to protect the public and deter future misconduct. Accordingly, the government respectfully asks the Court to accept the parties' Rule 11(c)(1)(C) plea agreement, impose a sentence of 25 months' imprisonment, three years of supervised release, a $100 special assessment, and forfeiture of the gun, ammunition, and magazine involved in the charged offense.

## II.    OFFENSE CONDUCT

### A.    San Ramon Police Recover a Loaded Gun from Hollins's Girlfriend's Car in July 2022

Around 11:35 p.m. on July 26, 2022, San Ramon Police Officers were alerted that a license plate reader had observed a Mercedes Benz that was wanted by the California Highway Patrol. Presentence Report ("PSR") at ¶ 10. A warrant had been issued the week before authorizing seizure of the vehicle for a violation of California Vehicle Code § 2800.2 - Fleeing or Attempting to Elude a Pursuing Peace Officer. Officers located the vehicle as it pulled into an apartment garage in San Ramon. A woman with the initials J.F.W. was detained as the driver of the vehicle and a male later identified as Masia Hollins was detained as the sole passenger. *Id*.

J.F.W. and Hollins repeatedly lied about Hollins's identity, claiming that he was J.F.W.'s minor brother named "David Williams." PSR ¶ 10. While officers were confirming the warrant to seize the vehicle, they asked J.F.W. if she had keys to the apartment so that they could let her dog—which was wandering around the parking lot off-leash and barking—inside. J.F.W. stated her apartment keys might be in her vehicle. Officers asked multiple times if they had her consent to look for her keys inside the vehicle, and she agreed, saying the keys should be around the driver seat.

Officers first looked for the keys in the front driver seat area of the vehicle and floorboard, with no results. An officer then opened the rear driver's side door and immediately observed a firearm visible under the driver's seat. PSR ¶ 11. The recovered firearm was a Glock model 43X 9mm caliber pistol loaded with 10 rounds of 9mm ammunition. *Id*. The location of the firearm would have made it difficult for J.F.W. to reach around the driver's seat to place the firearm there; however, it would have been easy for Hollins, who was reclined in the front passenger seat, to reach over and place the firearm there.

Both J.F.W. and Hollins were arrested and transported to Contra Costa County Jail. PSR ¶ 12. Due to both subjects continually lying about Hollins's identity, he was not actually identified until he was fingerprinted at the jail, where officers learned his true identity and discovered that he had an active arrest warrant for being a parolee-at-large.

DNA swabs were taken from the firearm. From these swabs, the Contra Costa County Crime Lab developed multiple DNA profiles, one or more of which was from a male contributor. Comparing that DNA profile to a sample collected from Hollins, lab analysts determined that Hollins's DNA was on the firearm, with the probability of that DNA profile coming from a random person calculated at 1 in 120 octillion.

**B.    Hollins's Absconds from Pretrial Supervision for Four Months and Is Involved in a Shooting a Car Chase**

Hollins was initially ordered detained following his initial appearance in federal court. However, after three months in custody, Judge Westmore released Hollins to the "TRP Academy" in San Francisco on February 23, 2023. PSR ¶ 5. On April 20, 2023, without prior notice to Pretrial Services, the Court, or the government, Hollins was allowed to temporarily leave the TRP Academy, purportedly to visit his brother at Highland Hospital in Oakland. *Id*. at ¶ 6. But Hollins did not return to the program after going to the hospital. Rather, he remained in Oakland and was involved in a shooting five days later, on April 25, 2023. The shooting occurred outside defendant's girlfriend's house—the same

UNITED STATES' SENTENCING MEMORANDUM   3
23-CR-023-HSG

woman he was with during the charged San Ramon incident. Witnesses described an SUV driving by the house and firing numerous shots at a car in which the defendant was sitting. Dozens of bullets of at least two different calibers were found on both sides of the street, and numerous parked cars were struck by gunfire. Three unfired bullets were located on defendant's side of the street, so it is unknown if there was crossfire. Oakland Police Officers responded to the scene and saw Hollins; however, they thought they must be mistaken because they believed he was in federal custody.

After news of this shooting was brought to Pretrial Services' attention, the Pretrial Services Officer attempted to contact defendant at TRP Academy on April 27, 2023; defendant was not there. Defense counsel was notified of the situation, and she communicated to defendant (including through his relatives) that he needed to return to the program. Despite some indication that he would return to TRP Academy on April 27 or April 28, defendant never returned to the program. PSR ¶ 7.

Hollins was a fugitive for four months until his arrest on August 30, 2023. PSR ¶ 8. On that day, Hollins was observed by Oakland Police Officers driving a car with another wanted probationer in it. Officers attempted to pull over the vehicle, but Hollins led them on a high-speed chase before eventually crashing into another vehicle in Hayward. Hollins and his passenger both fled on foot, before being apprehended nearby. A gun was found in the car, as well as another gun in the flight path of the passenger.

Hollins's bond was ordered forfeited by Judge Westmore, and Hollins is expected to plead guilty to evading police (Cal. Veh. Code, § 2800.1) in state court on April 25, 2024 and receive a sentence of 16 months in custody.

### III. HOLLINS'S CRIMINAL HISTORY

At the time of his charged gun possession in July 2022, Hollins had been convicted of three prior felonies in the three preceding years. In fact, he had an active warrant at the time of the first incident for being a parolee at-large following a three-year state prison sentence.

1. In March 2019, Hollins was convicted in Alameda County of violating California Penal Code § 25400(A)(2), Carrying a Concealed Firearm (a felony).

2. In January 2021, Hollins was convicted in Alameda County of violating California Penal Code § 32, Accessory to a Felony (a felony), for which he received a prison sentence of three years.

3. In March 2021, Hollins was convicted in Alameda County of violating California Penal Code § 182(A)(1), Conspiracy to Commit a Crime (a felony), for which he received a prison sentence of one year and four months.

## IV. APPLICABLE GUIDELINES CALCULATION

Under the terms of the plea agreement, Hollins pleaded guilty to Count One of the Information, felon in possession of a firearm and ammunition. The parties agreed that the Base Offense Level was 14, with a two-level reduction for acceptance of responsibility. Therefore, the parties agree, as does Probation, that the Total Offense Level is 12. PSR ¶ 28.

The parties did not agree on a Criminal History calculation in the plea agreement. Probation has calculated Hollins as Criminal History Category V, based on his 10 criminal history points, including at least one point from his anticipated state sentence of 16 months to be imposed on April 25, 2024. PSR ¶ 38. If the new state conviction is considered, then a Total Offense Level of 12 and CHC V yields an applicable Guidelines range of 27-33 months. If the new state conviction were not considered given that it is being punished separately and has not been imposed as of the filing of this memo, then a Total Offense Level of 12 and CHC IV would yield an applicable Guidelines range of 21-27 months. Regardless, the parties have agreed under the terms of the "C plea" that an appropriate and reasonable sentence for Hollins is 25 months, to be served consecutive to the 16-month state sentence imposed for the August 2023 evading offense.

## V. DISCUSSION

### A. Applicable Sentencing Factors

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the

UNITED STATES' SENTENCING MEMORANDUM   5
23-CR-023-HSG

appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

### B. A Sentence of 25 Months, Imposed Consecutive to His 16-Month State Sentence, Is Sufficient, But Not Greater than Necessary

Mr. Hollins's offense conduct and criminal history are concerning and warrant a substantial custodial term. Despite being on state parole, Hollins continued to arm himself and mislead police. He absconded from pretrial supervision, was AWOL for several months, and ultimately led police on a high-speed chase that endangered motorists and pedestrians. Officers found another gun in the car he was driving. It is clear that Hollins is not currently amenable to supervision, and that his prior prison sentences did not have an adequate deterrent effect on him.

However, the needed substantial term of imprisonment can be accomplished here in a way that protects the public, deters future misconduct, and vindicates the interests of two sovereigns. Hollins has pleaded guilty to state charges related to his August 2023 police chase, and is expected to have been sentenced to a 16-month state term by the time of his federal sentencing on May 1, 2024. Thus, while the proposed 25-month sentence, *on its own*, may not be sufficient to address Hollins's recent criminal conduct, when considered in tandem with (and imposed consecutive to) this state sentence, the government believes need for just punishment, deterrence, and protection of the public under section 3553(a) is met. Accounting for the eight months that he has already served on the state case, and two

additional months of time Hollins spent in Contra Costa County custody in 2022 following the charged traffic stop on a parole hold that was ultimately dismissed (and thus not credited against any sentence), the proposed resolution is the equivalent to a 37-month (above Guidelines) federal sentence served at 85 percent.

## VI.     CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 25 months' imprisonment, three years of supervised release, a $100 special assessment, and forfeiture of the firearms, ammunition, and magazine involved in the charged crime.

DATED:  April 24, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Leif Dautch*
LEIF DAUTCH
Assistant United States Attorney